1 | PHILLIP A. TALBERT
United States Attorney
2 | ROGER YANG
Assistant United States Attorney
3 | 501 I Street, Suite 10-100
Sacramento, CA  95814
4 | Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

5

6 | Attorneys for Plaintiff
United States of America

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          CASE NO.  2:22-mj-0097-CKD

12 |                    Plaintiff,

13 | v.                                 STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER BETWEEN THE PARTIES REGARDING DISCOVERY

14 | JORDAN T. PIPER,

15 |                    Defendant.

16

17 |                        STIPULATION

18 |         The discovery in this case contains information and statements about child victim(s) and

19 | child witness(es), as those terms are defined in the Child Victims' and Child Witnesses' Rights Act

20 | ("the Act"), 18 U.S.C. § 3509.  Specifically, the Act defines a "child" as "a person who is under the

21 | age of 18, who is or is alleged to be" either "a victim of a crime of physical abuse, sexual abuse, or

22 | exploitation" or "a witness to a crime committed against another person."  18 U.S.C. § 3509(a)(2).

23 |         18 U.S.C. § 3771(a)(8) requires that a crime victim's dignity and privacy be respected, and

24 | the Act, 18 U.S.C. § 3509, requires that certain measures be taken to protect child victims' and child

25 | witnesses' privacy.  Specifically, the Act provides under (d) Privacy Protection:

26 |         (1)  Confidentiality of information.—

27 |                 (A)  A person acting in a capacity described in subparagraph (B) in connection with a

28 |                 criminal proceeding shall--

Stipulation and ~~[Proposed]~~ Protective Order          1
2:22-mj-0097-CKD

      (i)  keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

      (ii)  disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

  (B)  Subparagraph (A) applies to—

      (i)  all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

      (ii)  employees of the court;

      (iii)  the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

      (iv)  members of the jury.

(2)  Filing under seal.—All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order.  The person who makes the filing shall submit to the clerk of the court—

  (A)  the complete paper to be kept under seal; and

  (B)  the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

The parties want to avoid the unauthorized disclosure of protected information and adequately protect the privacy rights of all victims and child witnesses, Plaintiff United States of America, by and through its counsel of record, and defendant JORDAN T. PIPER, by and through his counsel of record, hereby stipulate as follows:

    1.      This Court may enter protective orders pursuant to Fed. R. Crim. P. 16(d), 18 U.S.C. §§ 3509(d)(3) and 3771(a), and its general supervisory authority.

2.      This Stipulation and Order pertains to all discovery provided to or made available to Defense Counsel that contains the name of or information about a victim or child witness (hereafter, collectively known as "protected discovery"), and is applicable beginning on the date this Stipulation and Order is executed by the Court.

3.      Defense counsel shall not disclose any of the protected discovery or its contents directly or indirectly to any person other than their respective defendant/client, potential witnesses that they are interviewing or preparing for trial, counsel for those witnesses, or anyone employed by defense counsel (such as attorneys, paralegals, secretaries, experts, investigators, and law clerks) in connection with the representation of the defendant in this criminal case.

4.      Defendant may view the protected discovery in the presence of defense counsel, but may not retain a copy or otherwise disseminate the contents.

5.      The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.  The protected discovery is now and will forever remain the property of the United States Government.  Defense counsel will return the discovery at the conclusion of either the case or defense counsel's document retention obligations, whichever comes later.

6.      In the event that the defendant obtains substitute counsel, undersigned defense counsel agrees to return all protected discovery provided under this order to government counsel, in order that the government may arrange for substituted counsel to sign the order and the reissuance of the protected discovery to new counsel.

7.      Defense counsel will store the protected discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement or 18 U.S.C. § 3509(d).

8.      If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will ensure that the following notation is inscribed on each copy or incorporated onto electronic files (efiles): "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."  Efiles shall be encrypted.

9.      If defense counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph three, defense counsel shall provide such recipients with copies of this Order and advise that person that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.  The parties agree that Defense Counsel, defense investigators and support staff shall not allow the defendant or any witness to copy or otherwise retain the contents of the protected discovery.

10.     Defense counsel shall advise government counsel of any subpoenas, document requests or claims for access to the protected discovery by third parties in order that the government may take action to resist or comply with such demands as it may deem appropriate.

11.     Defense counsel shall be responsible for advising the defendant, or her client, her employees and other members of the defense team, and defense witnesses of the contents of this Stipulation/Order.  Defense counsel shall not provide or make available to any person described in paragraph three the protected discovery until that individual agrees in writing to be bound by the contents of this Stipulation/Order.  Defense counsel shall maintain a copy of the written agreement as well as a list of any and all persons to whom the protected discovery is disclosed.

12.     The parties agree to abide by 18 U.S.C. § 3509(d)(2) with regard to court filings.

13.     Pursuant to 18 U.S.C. § 3771(a), the name of any crime victim shall be redacted in any public court filing.

14.     If it becomes necessary to refer to a victim or child witness during any public court proceeding or in a public court filing, the parties shall use agreed upon pseudonyms.

15.     If an Indictment or Information is filed in this case, this protective order will remain in effect without the need for a new protective order under the new case number.

///

///

///

16.     Nothing in this stipulation and order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

IT IS SO STIPULATED.

DATED:  August 11, 2022          PHILLIP A. TALBERT
                                 United States Attorney


                           By:  /s/ Roger Yang
                                ROGER YANG
                                Assistant United States Attorney

DATED:  August 11, 2022

                                /s/ Tasha P. Chalfant
                                TASHA P. CHALFANT
                                Counsel for Defendant
                                JORDAN T. PIPER


**O R D E R**

IT IS SO FOUND AND ORDERED this 11 day of August, 2022.

                                JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE